UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHEDRICK BOWES-NORTHERN,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY STORES, L.P., SEDGWICK CLAIMS MANAGEMENT SERVICES INC., CORIE BARRY, and ANDREW BONNELL,<br><br>Defendants. | CAUSE NO. 2:21CV329-PPS/JEM |

## OPINION AND ORDER

Shedrick Bowes-Northern, acting without a lawyer, has brought this action seeking money damages based on an incident that occurred at a Best Buy store in Merrillville, Indiana. [DE 3.] Bowes-Northern alleges that he was injured when a Best Buy employee hit his knee with a hard plastic sandwich-board sign. [*Id*. at 7.] Aside from the occurrence itself, Bowes-Northern is unhappy with how Best Buy personnel handled the situation. [*Id*.] He names as defendants Best Buy Stores, L.P.,[1] Best Buy's Chief Executive Officer Corie Barry, store manager Andrew Bonnell, and Sedgwick Claims Management Services, Inc., which is Best Buy's claims administrator.

The complaint is not neatly organized into counts asserting separate legal claims. It appears to allege a bevy of claims that have no conceivable merit with the exception of a straight-forward state law negligence claim. Aside from the negligence claim, Bowes-Northern claims race-based retail discrimination, violations of HIPAA by Sedgwick Claims Management, spoliation of evidence, defamation, a claim of indeterminate nature against Best Buy CEO Corie Barry, and claims against store

---

[1] By order dated January 28, 2022, Magistrate Judge John E. Martin granted Best Buy's motion to correct its name from Best Buy Co., Inc. to Best Buy Stores, L.P., and directed that the name change should be reflected on all future filings.

manager Andrew Bonnell. Best Buy seeks dismissal of all claims except the negligence claims against it. [DE 17.]

Bowes-Northern failed to file any response to the motion to dismiss for months after it was filed. After his motion for appointment of counsel was denied, Bowes-Northern filed a motion for an extension of time to respond to the motion or to amend his complaint. [DE 25.] Judge Martin granted Bowes-Northern through April 4, 2022 either to file a brief in response to the motion or a motion to further amend his complaint. [DE 26.] As of today, Bowes-Northern has filed neither, and the motion to dismiss remains unopposed. In view of this procedural posture, defendants have filed a motion for a summary ruling on the motion to dismiss, citing Ind.N.D.Ind. Local Rule 7-1. [DE 28.] For the following reasons, the motion for partial dismissal will be granted.

## Motion to Dismiss Standards

The Supreme Court interpreted the Rule 12(b)(6) pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss under that standard, a complaint must "state a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S, 570, 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). This "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S.

at 679.  The plaintiff must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678.  The Seventh Circuit has interpreted the plausibility standard to mean that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## Race Discrimination by a Retail Establishment

Bowes-Northern's complaint includes "discrimination" in the list of wrongs by Best Buy and its staff.  [DE 3 at 9.]  He offers few other allegations on the subject.  The first is that "[a]ll defendants willingly, purposely, and attentionally [*sic*] violated my civil rights by discriminating against the medical condition they caused."  [*Id*.]  The final bit of explanation comes on the last page:  "I'm filing a civil rights claim because both Best Buy employees are white and denied me medical assistance for their negligence."  [*Id*. at 10.]  While denying that any Best Buy employee discriminated against Shedrick-Bowes on the basis of race, Best Buy argues that even if his allegations are true, the complaint fails to state a claim.

Two federal statutory sources can be invoked to impose liability against a retail establishment for discrimination on the basis of race.  The first is 42 U.S.C. §1981 and §1982.  Section 1981 provides that all persons in the United States "shall have the same right in every State and Territory to make and enforce contracts, as is enjoyed by white citizens, and §1982 adds "the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  To establish a prima facie claim of racial discrimination by a

3

retailer, the plaintiff "must show (1) he is a member of a racial minority; (2) the defendants had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contact." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006), citing *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).

In *Morris*, the Seventh Circuit ruled as a matter of law against plaintiffs who "were denied neither admittance nor service, nor were they asked to leave the store." *Id*. at 414. The court held that there was no viable claim under §1981 or §1982 where the plaintiffs "cannot point to specific facts showing that Office Max deprived them of any of the enumerated rights in §1981, and, specifically, the right to make and enforce a contract." *Id*. Similarly here, Bowes-Northern's barely-articulated claim of race discrimination involves the alleged denial of medical assistance following his injury by the signboard. There is no allegation that Best Buy employees denied Bowes-Northern's rights to make or enforce a contract with Best Buy, or that the denial of medical assistance (in the form of the refusal to call 911) somehow impaired Bowes-Northern's right to be present in the store or to make a purchase.

The *Morris* plaintiffs argued that although Office Max did not refuse to sell them any merchandise, by "summoning the police to 'check out' African-American patrons like themselves, the store discouraged and dissuaded them from" making any purchase from the store. *Id*. at 414. Even if true, the Seventh Circuit was not persuaded that such facts constitute a violation of §1981 or §1982. *Id*. at 415. Because "nothing that the police or Office Max personnel did actually impaired or interfered with their right to make a purchase," the incident did "not constitute a violation of the statutes." *Id*. The

4

same is true of Bowes-Northern's experience at Best Buy, which does not support a claim under §1981 and §1982.

The other possible authority for a race-based discrimination claim is Title II of the Civil Rights of 1964, which provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."  42 U.S.C. §2000a(a).  But retail stores are not listed in the statute's definition of places of public accommodation in subsection (b), and so are not within the scope of §2000a.  *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006); *Newman v. Piggie Park Enters.*, 377 F.2d 433, 436 (4th Cir. 1967); *Partap v. Palmer's Garden and Goods*, 2021 WL 5765868, at *3 (M.D.Fla. Nov. 1, 2021); *Okudo v. SW Belair Edison LLC*, 2021 WL 4391264, at *3 (D.Md. Sept. 24, 2021); *Hoang v. Best Buy Stores, L.P.*, 2021 WL 1967513, at *3 (E.D.La. May 14, 2021).

In addition, even if Title II applied, Bowes-Northern does not allege that he has exhausted administrative remedies as required by §2000a-3(c).  Indiana law prohibits discrimination on the basis of race in access to public accommodations and authorizes the Indiana Civil Rights Commission to address claims of unlawful discrimination on the basis of race.  *See* Ind.Code §22-9-1-2(a) and §22-9-1-6(d).  A civil action for violation of Title II is permitted only at least "thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority."  §2000a-3(c).  The fact that the complaint fails to allege that Bowes-Northern has reported his claim of

5

discrimination to the Indiana Civil Rights Commission provides another basis for dismissal of the claim here, particularly in the face of Bowes-Northern's failure to oppose defendants' motion.

## Spoliation of Evidence

Bowes-Northern alleges that the day after the incident he called the Best Buy store and told a supervisor that he "wanted to see the footage of me injured. Which I still haven't received." [DE 3 at 8.] The complaint further alleges that in January of 2021, Bowes-Northern "sent Sedgwick a letter to preserve evidence" but that Sedgwick "never sent me the video or allowed me to view the video of their client assaulting me." [*Id*. at 9.] Because "Best Buy still hasn't presented me any opportunities to view the footage of me being assaulted," Bowes-Northern is "filing claims of Spoliation of evidence." [*Id*.] Bowes-Northern fails to state a claim for spoliation for several reasons.

First, as against the Best Buy defendants, a plaintiff bringing a tort action against a defendant "does not have an additional independent cognizable claim against the tortfeasor for spoliation of evidence under Indiana law." *Gribben v. Wal-Mart Stores, Inc.*, 824 N.E.2d 349, 355 (Ind. 2005). This is referred to as first-party spoliation, which can be addressed instead by "important sanctions that not only provide remedy to persons aggrieved, but also deterrence to spoliation of evidence by litigants and their attorneys." *Id*. at 351.

To the extent Bowes-Northern asserts a third-party spoliation claim against Sedgwick, the allegations are insufficient. As defendants note, Bowes-Northern has not alleged "that Sedgwick took possession of any video (if it exists), let alone that it

6

destroyed it." [DE 18 at 9.] Complaining only about not having been able to view any video of the incident, Bowes-Northern does not allege, as a claim of spoliation requires, that Sedgwick "either negligently or intentionally destroyed, mutilated, altered, or concealed the evidence." *N. Indiana Pub. Serv. Co. v. Aqua Env'l Container Corp.*, 102 N.E.3d 290, 301 (Ind.Ct.App. 2018). The facts Bowes-Northern has alleged do not plausibly support a claim of third-party spoliation under Indiana law.

## Claim Based on HIPAA

"HIPAA" is the acronym for the Health Insurance Portability and Accountability Act. The motion to dismiss describes defendant Sedgwick Claims Management as "a claims administrator for Best Buy," and construes Bowes-Northern's complaint as alleging a HIPAA violation by Sedgwick. [DE 18 at 2.] In context, here is Bowes-Northern's reference to HIPAA:

> Best Buy allowed their employee to injury [*sic*] me and tried to extort me for my medical records. I told Best Buy claims company, Sedgwick that I would get my medical records. Sedgwick continued to pressure me to sign medical release forms to settle the injury claim. Which I stated to them numerous times that I didn't feel comfortable with doing. Sedgwick is familiar with HIPPA [*sic*] medical laws.

[DE 3 at 9.] Bowes-Northern appears to associate HIPAA with patients privacy in their medical records. But as defendants point out, HIPAA does not create a private right of action and so does not authorize claims such as the one Bowes-Northern attempts to assert. *Carpenter v. Phillips*, 419 Fed.Appx. 658, 659 (7th Cr. 2011) (collecting cases). Beyond the HIPAA and spoliation issues, the complaint contains no other allegations

that could conceivably support a claim for relief against defendant Sedgwick, which will be dismissed from the case.

## **Defamation**

Bowes-Northern includes "slander" in the list of claims he brings. [DE 3 at 9.] He does not specifically discuss the claim or the facts alleged in support of it, and so has not identified the particular statements he considers to have been slanderous. To be defamatory under Indiana law, a statement must be false, and must tend to harm Bowes-Northern's reputation so as to lower him in the estimation of the community or to deter others from associating or dealing with him. *Jacobs v. Pherson*, 2022 WL 837079, at *6 (S.D.Ind. March 21, 2022), citing *Newman v. Jewish Cmty. Ctr. Assn. of Indianapolis*, 875 N.E.2d 729, 734-35 (Ind.Ct.App. 2007). Also, "[w]hether a statement is defamatory is generally a question of law unless the statement is reasonably susceptible to either a defamatory or non-defamatory interpretation." *Id*. I agree with Best Buy that the only statements Bowes-Northern alleges were made about him do not, as a matter of law, carry a defamatory imputation about Bowes-Northern.

The first statement referred to in the complaint is one by store manager Andrew Bonnell to two Hobart police officers who came after Bowes-Northern called 911 and hung up: "Bonnell lied to them and said I never asked him to call help for me." [DE 3 at 7.] I can conceive of no interpretation of this alleged statement that harms Bowes-Northern's reputation. For Bonnell to tell the officers that Bowes-Northern had not asked him to call for help, even if published far and wide to everyone in the

8

community, would not lower what others think of Bowes-Northern or deter anyone from associating with him.

The same is true of the only other statement about Bowes-Northern alleged in the complaint. Again, it's a statement allegedly made by Bonnell to the Hobart police, namely that Bonnell had offered help but that Bowes-Northern had declined the offer. [DE 3 at 7.] Like the first statement, it merely suggests that Bowes-Northern was stoic and didn't seek or accept an offer to call an ambulance for medical care. Such a statement cannot reasonably be said to be capable of damaging Bowes-Northern's reputation in the community. Because Bowes-Northern does not allege facts that plausibly support a claim of defamation under Indiana law, the claim is subject to dismissal on Best Buy's unopposed motion.

## Liability Against Best Buy CEO

Bowes-Northern has named as a defendant Corie Barry, the CEO of Best Buy. But his complaint contains no factual allegations at all referring to Barry, or asserting that she had any role whatsoever in the events by which Bowes-Northern claims to have been injured. A corporate officer is not generally personally liable, merely because of her office, for torts committed by the corporation, its other officers or its employees. *State of Indiana, Civil Right Comm'n v. County Line Park, Inc.*, 738 N.E.2d 1044, 1050 (Ind. 2000). Only if she participated, authorized or directed the tortious conduct is Corie Barry potentially liable under Indiana law. *Id*. In the absence of any allegations whatsoever of Barry's personal role in the events of Bowes-Northern's alleged injury at Best Buy on May 16, 2020, his claim against CEO Barry fails to state a claim.

**Liability Against Store Manager**

The manager of the Merrillville Best Buy store, Andrew Bonnell, is also named as a defendant. My decision today eliminates all but the claim of negligence under Indiana law. That claim is based on Bowes-Northern's allegation that a Best Buy employee (other than Andrew Bonnell) walked past Bowes-Northern and hit his knee with a hard plastic sandwich board sign. [DE 3 at 7.] As Best Buy points out, Bonnell was not the employee who allegedly struck Bowes-Northern in the knee, and there is no allegation that Bonnell participated in that occurrence, or that he authorized or directed that employee to strike Bowes-Northern in the knee with the sign. [DE 18 at 13.] On the facts as Bowes-Northern has pleaded them in his complaint, there is no basis for personal liability against Manager Bonnell on the remaining claim for negligence.

**Conclusion**

For the reasons I have explained above, Shedrick Bowes-Northern has failed to state a claim upon which relief can be granted on theories of retail race discrimination, HIPAA violations, spoliation of evidence, and slander. The only cause of action that has not been challenged, and on which the case continues, is the claim against Best Buy for negligence. On this analysis, no claim for relief is stated against the individual defendants Best Buy CEO Corie Barry and store manager Andrew Bonnell. The only possible theories for relief against Sedgwick Claims Management – violation of HIPPAA and spoliation – are being dismissed. The defendants' unopposed Motion for Partial Dismissal will be granted, such that the action continues against only defendant

10

Best Buy and only a theory that Best Buy's negligence caused injury to Shedrick Bowes-Northern.

**ACCORDINGLY:**

Defendants' unopposed Motion for Partial Dismissal [DE 17] is GRANTED.

All claims against defendants Sedgwick Claims Management, Corie Barry and Andrew Bonnell are DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief could be granted.

As against defendant Best Buy Stores all claims other than negligence under state law are DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief could be granted.

Defendants' Motion for Summary Ruling on Motion to Dismiss [DE 28] is DENIED AS MOOT.

SO ORDERED on April 22, 2022.

    /s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE